***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument of the parties. The appealing party has not shown good ground to receive further evidence or rehear the parties or their representatives. Following its review, the Full Commission affirms the Decision and Order of the Deputy Commissioner, with minor modifications.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On February 27, 2009, Plaintiff was housed at the Scotland Correctional Institution. On that date, Plaintiff was subjected to a search as part of an institutional search. At that time, he had approximately 38 books and 28 magazines in his possession; which were *Page 2 
confiscated during the search. There was no limit at that time on the number of books or magazines one could have in a cell in Scotland Correctional Institution.
2. Sgt. A. Miller reported to Scotland Correctional Institution investigators that when the books were confiscated, they were given to Officer P. Jacobs to be sent to Plaintiff's family home. Officer Jacobs subsequently reported to investigators that he never received any books.
3. There is no definitive list of the books in question; however, the Full Commission finds that Plaintiff has placed a value of the books at $466.80. The Full Commission further finds that Defendant has issued a check to Plaintiff's mother for the missing material in the amount of $9.79.
4. The Full Commission finds that there is sufficient evidence to show that Plaintiff's possessions were negligently handled by agents or employees of Defendant and that Plaintiff suffered a loss as a result. Accordingly, Plaintiff is entitled to be reimbursed for his loss. The Full Commission finds that an amount of $450.00 is reasonable to reimburse Plaintiff.
 ***********
Based on the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2009). *Page 3 
2. Pursuant to the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
4. Plaintiff has shown by the greater weight of the evidence that Defendant was negligent in maintaining custody over the property removed from his cell on February 27, 2009. Defendant has failed to offer any evidence in contradiction to Plaintiff's allegations.
5. Plaintiff is entitled to reimbursement for the missing items.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff SHALL have and recover the amount of $450.00 from North Carolina Department of Corrections (hereinafter "NCDOC") in reimbursement for the value of property lost due to the negligence of defendant's agents or employees. NCDOC SHALL pay Plaintiff this sum as money damages.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the __ day of March 2011. *Page 4 
 S/___________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ LINDA CHEATHAM COMMISSIONER *Page 1